UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELO GIARDINA                             CIVIL ACTION

VERSUS                                      NO. 07-6578

ROBERT LAWRENCE, ET AL                      SECTION "C" (1)

ORDER AND REASONS

This matter comes before the Court on motion for judgment on the pleadings or, alternatively, for summary judgment filed by Sergeant Robert Lawrence ("Lawrence") and motion to dismiss pursuant to Rule 12(c) or, alternatively, for summary judgment filed by the City of New Orleans ("City") and Lt. Fred Austin ("Austin"). The plaintiff, Angelo Giardina ("Giardina") sued Lawrence, Austin and the City under 42 U.S.C. § 1983 and Louisiana law for damages allegedly sustained on October 9, 2006, when Lawrence, a national guardsman, shot Giardina, and Austin arrested Giardina without probable cause based on information provided by Lawrence. Giardina's claims against Lawrence involve unlawful seizure under the 4th and 14th Amendments

1

pertaining to the shooting without justification and with excessive force and battery under La. Civ. Code art. 2315. (Rec. Doc. 4, ¶ 13). Additional claims against Austin and Lawrence pertain to unlawful seizure under the 4th and 14th Amendments pertaining to the false arrest under La. Civ. Code art. 2315. The City is sued on the state law claim under respondeat superior. (Rec. Doc. 4, ¶ 14).

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a cause of action, focusing on whether the complaint viewed in the light most favorable to the plaintiff states a valid claim for relief. *Turbomeca, S.A. v. Era Helicopters, L.L.C.*, 536 F.3d 351 (5th Cir. 2008). The court accepts the factual allegations in the pleadings as true, and the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Doe. v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008).

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid*, 784 F.2d at 578. The Court must find "[a] factual dispute ...

[to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir.1989)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459 1462 (5th Cir.1995)(citing *Celotex*, 477 U.S. at 322-24 and Fed.R.Civ.P. 56(e)). The non-moving party may submit affidavits or other evidence to rebut with specific facts the movant's supported assertion of the absence of a genuine issue of material fact. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In order to create a jury question on an issue, "there must be a dispute in the substantial evidence, that is, evidence which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Chaney v. New Orleans Pub. Facility Management*, 179 F.3d 164, 167 (5th Cir.1999).

**Statutory immunity: Lawrence**

In these motions, Lawrence again argues that he is entitled to statutory immunity from suit under state law under La Rev. Stat. § 29:23 and qualified immunity

from suit under federal law.[1] The Court previously rejected without prejudice Lawrence's claim of statutory immunity, suggesting that any discussion should include discussion of La. Rev. Stat. 29:23.1, and also found the allegations in the pleadings against Lawrence otherwise sufficient.[2]   (Rec. Doc. 20).

Again, the plaintiff opposes dismissal because the military orders produced by the mover indicating that Lawrence was on duty at the relevant time are not properly

---

[1]    Section 29:23 provides:
>   No officer or other member of the military forces of this state shall be indicted, prosecuted, or sued for any injury to any person or property performed or committed by him while in the active service of the state of Louisiana in the course of the business of the military forces of this state as required of him by this Part.

Lawrence argues that he is a member of the "Louisiana armed forces" by virtue of La. Rev. Stat. § 29:1, which provides that "The Military Department shall be composed of the National Guard, Louisiana State Guard, military police forces, and such other offices that may be created or established according to law."

[2]    Section 29:23.1, directed to "national guardsmen on duty or training," provides in part:
>    That the intent of this Section is to relieve the state and the National Guardsmen from liability only where the National Guardsman is an employee of the United States of America for purposes of respondeat superior liability under the Federal Tort Claims Act as provided in 28 U.S.C. 2671 et seq.  This Section is not intended to prevent Civil Code Article 2320 or other such laws from imposing master-servant liability on the state, or to prevent Civil Code Article 2315 et seq. generally from imposing liability in circumstances to which such codal articles and/or laws would otherwise impose liability for damages caused by the offenses or quasi offenses of members of the National Guard committed within the course and scope of their National Guard duties when the Federal Tort Claim Act does not apply.

4

authenticated for purposes of summary judgment.[3] The Court agrees that the military status of Lawrence is not a insignificant issue for purposes of a meaningful analysis of state and federal liability and immunity issues. At a minimum, the provision of the appropriate papers in proper form is needed. Without meaningful discussion from the parties of the statutory basis for the liability of a national guardsman under the circumstances presented, the Court is unwilling to address the issue of liability and immunity. [4]

**Qualified immunity: excessive force**

Lawrence claims entitlement to qualified immunity with regard to the excessive force claim under § 1983. Section 1983 provides that every person, who, under color of law, subjects, or causes to be subjected, any person within the jurisdiction of the United States "a deprivation of any rights, privileges, or immunities under the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." Claims of excessive force in the context of arrests or investigatory stops should be analyzed under the Fourth Amendment's "objective

---

[3] The Court notes that Giardina alleges that Lawrence was "employed by the State of Louisiana as a national guardsman ... who at all times pertinent herein was acting under color of state law and in the course and scope of his employment." (Rec. Doc. 4, ¶ 2.a.).

[4] Again, counsel are advised that a discussion of some of the various issues and statutes involved in determining national guardsman liability is contained in *Alfonso v. Military Department,* 2007 WL 4114438 (E.D.La.).

reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 394 (1989).[5]

Qualified immunity protects officers charged with discretionary duties from suit unless their conduct violates a clearly established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The burden is on the plaintiff to overcome a defendant's defense of qualified immunity. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir.1982), *cert. denied*, 460 U.S. 1012 (1983).

In *Katz v. Saucier*, 553 U.S. 194, 201 (2001), the Supreme Court refined its earlier *Harlow* ruling and set forth a two-pronged analysis to determine the propriety of qualified immunity in the context of allegations of excessive use of force.[6] An officer is barred from qualified immunity if: (1) there is a violation of a clearly established constitutional right, and (2) the reasonable officer would be aware that his conduct was unlawful in the situation he confronted. *See Katz*, 553 U.S. at 207-208. The effect of qualified immunity is to grant officers immunity from reasonable mistakes as to the

---

[5] Lawrence again argues that the claims under the Fourteenth Amendment should be formally dismissed by the Court. In passing on the first opportunity, the Court urged the parties to engage in more open communication in order to avoid motions based on issues that could be resolved. The plaintiff previously advised in his opposition that he is willing to stipulate that the proper analysis of both excessive force and unlawful arrest claims is based on the Fourth Amendment. (Rec. Doc. 17, pp. 6-7).

[6] In order to establish a claim for excessive force, the plaintiff must show (1) a significant injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable. *Reese v. Anderson*, 926 F.2d 484, 500 (5th Cir. 1991).

legality of their actions. *Id*. at 206. It should be further emphasized that qualified immunity obtains *in addition* to the deference owed the officer on the underlying constitutional claim, for instance in allowing wide latitude for officer safety or to guard against potential flight. *Id*. (emphasis added). The objective reasonableness standard as applicable here is "intended to provide government officials with ability reasonably [to] anticipate when their conduct may give rise to liability for damages.'" *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (internal citations omitted). The objective reasonableness standard "provides ample protection to all but the plainly incompetent and those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In *Graham*, *supra*, the Supreme Court recognized the constitutional right to be free of objectively excessive force during an investigatory stop or arrest. Under a standard of objective reasonableness, the Court will determine whether a reasonable police officer would have used a similar degree of force in light of the particular facts and circumstances the officer confronted at the time of the incident. *Id*. at 396. When gauging the reasonableness of an officer's actions, the Court should consider the following factors: 1 ) the severity of the crime at issue, 2) whether the suspect poses an immediate threat to the safety of the officers or others, 3) and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* "Deadly force is reasonable when an officer had "probable cause to believe that the suspect pose[d] a threat of serious harm to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

The Court finds that Lawrence is not entitled to qualified immunity, to the extent that he was acting as a state law enforcement officer at the time of the shooting, as alleged by the plaintiff. The plaintiff alleges in his complaint that he parked his truck and pursued an assailant who had brandished a firearm and knocked his tooth out, that he continued to talk on his cell phone with 911 after he "walked with the guardsman as he escorted the assailant to a New Orleans police car," and that he continued to stand by his truck still on the telephone "anticipating that he would soon be approached by a police officer" when he was shot from behind in his left rear side of his torso. (Rec. Doc. 4, ¶¶ 7 - 8). These allegations support the finding that Lawrence acted with unreasonable force under the circumstances.[7] The Court is mindful that Lawrence claims that he thought the plaintiff had a weapon and that the plaintiff did not respond to his orders to "drop the weapon," but that merely establishes disputed issues of fact, which can not be resolved on summary judgment.

**Qualified immunity: false arrest**

Both Lawrence and Austin claim qualified immunity for the false arrest claim

---

[7] As to the plaintiff's state law battery claim, a police officer is privileged to commit assault and battery provided that the force used is reasonable. *See* La.C.Cr.P. art. 220; *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977). The plaintiff's state law excessive force claim is based on the underlying reasonableness of the force used. *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318 (La. 1994). For the present purpose, the overarching reasonableness guides the Court's analysis with respect to both the federal and state claims.

brought under § 1983.[8] An officer is entitled to qualified immunity with regard to §1983 false arrest claims "if a reasonable officer in his position would have believed that, in light of the totality of the facts and circumstances of which [he] was aware, there was a fair probability that [plaintiff] had committed or was committing a crime." *Haggerty v. Texas Southern University*, 391 F.3d 653, 655 (5th Cir. 2004). For qualified immunity purposes, an arrestee bears the burden of showing that the arresting officer lacked probable cause to arrest him and that the legality of the conduct was clearly established. "A mistake reasonably made as to probable cause justifies qualified immunity." *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008). There must not even arguably be probable cause for the arrest for immunity to be lost. *Haggerty*, 391 F.3d at 656. Qualified immunity protects mistaken judgments and "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 343 (1986); *Mendenhall v. Riser,* 213 F.3d 226, 230 (5th Cir. 2000).

The pleadings allege and it is apparently uncontested that the plaintiff was arrested for aggravated assault on a police officer with a firearm under La. Rev. Stat. § 14:37.2.[9]

---

[8] False arrest occurs when the arrest is without a warrant or other statutory authority. *Kyle,* 353 So.2d at 971; La.Code.Cr. P. 213(3).

[9] Section 14:37.2 provides:
A. Aggravated assault upon peace officer with a firearm is an assault committed upon a peace officer who is acting in the course and scope of his duties with a firearm.
B. For purposes of this Section, "firearm" is defined as an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within

9

The pleadings allege and it is apparently uncontested that the plaintiff at no time possessed a firearm, and that the lack of a firearm was apparent immediately after the shooting.

Lawrence argues that the claims against him regarding false arrest should be dismissed because the only allegation against him is that the arrest was "based upon the false information of defendant Lawrence." (Rec. Doc. 4, ¶ 13). Lawrence argues that in order to be liable under § 1983 for false arrest, he must be either personally involved or his acts must be causally connected to the constitutional violation, and that the allegations are deficient. The plaintiff argues that he has plead these facts and that they are supported in the police report attached to the co-defendants' motion. There is no specific allegation that Lawrence advised the arresting officer that the plaintiff had a firearm instead of a cell phone, despite his erroneous belief at the earlier time of the shooting, which is the gist of the plaintiff's complaint. The Court finds that the wrongful arrest claims against Lawrence under Section 1983 and state law are subject to dismissal based on the pleadings.

---

    it.
C.    Whoever commits an aggravated assault upon a peace officer with a firearm shall be fined not more than five thousand dollars, or imprisoned for not less than one year nor more than ten years, with or without hard labor, or both.

See *State v. Payne*, 794 So.2d 79, 83 (La. App. 4th Cir. 2001).

The allegations against Austin present a different situation. Austin argues that he is entitled to qualified immunity with regard to the §1983 false arrest claim and cites to the appropriate law. He argues that "all cause" existed for the arrest and does not acknowledge the absence of a firearm, a required element of the crime for which Austin arrested the plaintiff. For purposes of qualified immunity, the Court can not find that Austin acted reasonably in arresting the plaintiff for aggravated assault on a police officer with a firearm without some evidence of a firearm. The fact that Lawrence may have thought that the plaintiff had a gun for purposes of the excessive force claim does not transform the cell phone into a firearm for purposes of the false arrest claim against Austin.

Austin and the City also argue however that they are entitled to summary judgment because there were other crimes for which probable cause may have existed, citing *Devenpeck v. Alford*, 543 U.S. 146 (2004). (Rec. Doc. 28, p. 20; Rec. Doc. 55, p. 6). At the time of Giardina's arrest, his alleged assailants were themselves claiming Giardina was the aggressor, attacking them without provocation. The officers also witnessed Giardina's erratic driving. (Rec. Doc. 28, p. 19). In light of the chaotic situation, Austin could have reasonably believed that they had probable cause to arrest the plaintiff for a crime as a result of this incident. Austin is therefore entitled to qualified immunity for purposes of Section 1983. *O'Dwyer v. Nelson*, 2009 WL 412462

11

(5th Cir. ).[10]

**Prescription, etc.: Austin and City**

Austin and the City also argue that the claims against them are prescribed because the original complaint was not served and the amended complaint, served more than a year after the incident, superceded the original complaint under *King v. Dogan*, 31 F.3d 344 (5th Cir. 1994). The plaintiff argues that the filing of the original complaint interrupted prescription, which remains interrupted since the suit is still pending. The Court finds that the decision in *King* does not pertain to prescription, nor to the well established "relation-back" rule contained in Fed. R. Civ. P. 15(c ). Based on the argument presented, the defendants' prescription argument is without legal support.

Accordingly,

IT IS ORDERED that the motion for judgment on the pleadings or, alternatively, for summary judgment filed by Sergeant Robert Lawrence is GRANTED as to the claims based on the 14th Amendment and DENIED as to the claims based on false arrest and excessive force. (Rec. Doc. 25).

IT IS FURTHER ORDERED that the motion to dismiss pursuant to Rule 12(c ) or alternatively for summary judgment filed by the City of New Orleans and Lt. Fred

---

[10] The parties appear to agree that this determination also undermines the viability of the state law claims relative to false arrest.

Austin is GRANTED. (Rec. Doc. 30).

IT IS FURTHER ORDERED that the motion to appeal or review filed by Robert Lawrence and the motion to appeal or review filed by City of New Orleans and Lt. Austin are DISMISSED AS MOOT in light of the trial continuance. (Rec. Doc. 49, 60).

New Orleans, Louisiana, this 29th day of April, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE